UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAROLD GOLDMAN,<br><br>　　　　Defendant. | Case No. 13-cv-00738-JCS<br><br>**REPORT AND RECOMMENDATION RE MOTION TO REMAND**<br><br>**Dkt. No. 6.** |

## I.　INTRODUCTION

This is an unlawful detainer action where Defendant Harold Goldman ("Defendant")[1] has removed the case to federal court. There is no diversity and no federal question on the face of the complaint. On March 13, 2013, Plaintiff Deutsche Bank National Trust Company ("Plaintiff") filed a Motion to Remand ("Motion") for lack of subject-matter jurisdiction. No timely opposition has been filed, and the Court finds the Motion suitable for decision without oral argument. The hearing on the Motion scheduled for April 19, 2012 at 9:30 am is vacated. On March 21, 2013, Defendant requested reassignment to a United States District Judge. For the reasons stated below, the Court recommends the Motion to Remand be GRANTED and that request for reasonable attorneys' fees be DENIED.

## II.　BACKGROUND

Plaintiff is the owner of the property located at 6285 Highway 12, Santa Rosa, CA 95409. Plaintiff's Request for Judicial Notice ("RJN"), Ex. 1 (Complaint for Unlawful Detainer). On June 1, 2011, Plaintiff filed a Complaint in the Superior Court for the County of Sonoma for unlawful detainer seeking to recover possession of this property. *Id*. Plaintiff obtained a default

---

[1] The original defendants in the state court action Gerard Duenas and Does 1 to 10 Inclusive. *See* Dkt. No. 5 at 1 (Amended Notice of Removal).

judgment against Gerard Duenas and All Unknown Occupants on August 4, 2011. RJN, Ex. 3. Defendant filed a Motion to Vacate the Default Judgment and Request for Stay of the Writ of Possession on October 27, 2011. Dkt. No. 5 at 44. His motion was denied the following month. Defendant immediately appealed. *Id*. at 51. His appeal was denied, and the default judgment was affirmed, in November 2012. *Id*. at 77-80. The next month, Defendant next filed an application to certify the case for transfer to the California Court of Appeal, First District. *Id*. at 81. Defendant's application was denied as untimely. *Id*. at 91. On February 7, 2013, Plaintiff filed an Ex Parte Application to Vacate Stay to expunge a stay entered by the state court during the pendency of the appeal. *Id*. at 93-97. Plaintiff's application was granted the following day. *Id*. at 110. On February 15, 2013, shortly after Plaintiff mailed notice of the ruling vacating the stay, Defendant sought to remove the action to federal court. Dkt. No. 1. Defendant remains in possession of the contested property. Dkt. No. 5 at 6.

### III. ANALYSIS

#### A. Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (citations

omitted).

Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* "A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (stating that a plaintiff is the "master of the complaint" who may "avoid federal jurisdiction by pleading solely state-law claims"). Moreover, federal jurisdiction may not rest on a federal counterclaim, even when compulsory. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 828, 830-32, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).

Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity, requires complete diversity of citizenship and an amount in controversy in excess of $75,000. When an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B.    Application to Facts**

Defendant's removal of this case was improper.

First, the removal was untimely. Defendant did not seek removal until over a year after receiving the summons and entry of default judgment, during which time Defendant launched a failed appeal, a failed attempt to transfer the case to the Court of Appeal, First District, and the state court expunged the stay on enforcement of the judgment.

Second, the Court does not have jurisdiction based on diversity because the amount in controversy does not exceed $75,000. Instead, the limited civil Complaint in this action seeks less than $10,000. RJN, Ex. 1. Moreover, the default judgment in this case is for possession only.

RJN, Ex. 3.  There is no diversity jurisdiction in this case.

Third, there is no federal question jurisdiction.  Under the well-pleaded complaint rule, federal question jurisdiction must arise from the face of the complaint.  *Merrell Dow*, 478 U.S. at 808.  Here, Plaintiff asserted in its Complaint a state law cause of action for unlawful detainer.  *Wells Fargo Bank v. Lapeen*, No. 11-1932-LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.").  There is no federal question on the face of the complaints to confer jurisdiction upon this court.

Defendant argues that the Protecting Tenants at Foreclosure Act ("PTFA") confers federal jurisdiction.  Defendant contends that a cross claim is being filed along with his removal alleging violations of the PTFA and the Fourteenth Amendment of the United States Constitution.  No such cross-claim has yet been filed.  Even if such a cross-claim could be filed, it would not be a basis for federal subject matter jurisdiction.  *See Holmes Group*, 535 U.S. at 830-32, 122 S.Ct. 1889, 153 L.Ed.2d 13; *Deutsche Bank Nat. Trust Co. v. Eaddy*, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction").

Accordingly, this action should be remanded to the Superior Court of the County of Sonoma.   Therefore, the court recommends remanding the case with no further delay.

**C.     Whether Fees and Costs Should be Awarded**

Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court in *Martin* explained that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case."  *Id.*  In *Lussier v. Dollar Tree Stores, Inc.*, the Ninth Circuit cautioned that "removal is not objectively unreasonable solely

4

1  because the removing party's arguments lack merit, or else attorney's fees would always be
2  awarded whenever remand is granted." 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, the
3  objective reasonableness of the removal depends on the clarity of the applicable law and whether
4  such law "clearly foreclosed" the defendant's arguments for removal. *Id.* at 1066-67.

5  In determining whether to award attorneys' fees in cases involving improper removal by
6  a pro se defendant, courts accord significant weight to the defendant's lack of representation.
7  *See, e.g., OneWest Bank, FSB v. Mohr*, 2010 WL 2721437 (N.D. Cal. July 7, 2010) (declining to
8  award fees despite untimely removal and suggestion of bad faith on basis that unrepresented
9  status of defendants constituted "unusual circumstances;" although it would have been "readily
10 apparent" to an attorney that removal lacked merit, these defendants did not have the "benefit of
11 legal counsel"); *Szanto v. Szanto Revocable Trust of 1991*, 2010 WL 2280356 (N.D. Cal. June 7,
12 2010) (denying motion for fees because defendant's mistake was "understandable" for a pro se
13 litigant); *Citibank N.A. v. Ortiz*, 2008 WL 4771932, at *2 (S.D. Cal. Oct. 28, 2008) (declining to
14 award fees "in consideration of Defendant's pro se status"); *J.P. Morgan Chase Bank v.
15 Peterson*, 2005 WL 2334712, at *4 (E.D. Cal. Sept. 21, 2005) (noting court's earlier denial of
16 fees on the basis of defendant's lack of representation).

17 The Court declines to award fees and costs incurred as a result of Defendant's improper
18 removal in light of the fact that Defendant is not represented by counsel. Defendant is cautioned,
19 however, that the Court will impose sanctions if she improperly removes this action to federal
20 court in the future.

21 **IV.   CONCLUSION**

22 For the reasons stated above, the court RECOMMENDS that Plaintiff's Motion to Remand
23 be GRANTED and that Plaintiff's request for fees and costs be DENIED. The Clerk shall
24 reassign this case to a United States District Judge for action on this Report and Recommendation.
25 IT IS SO ORDERED.
26 Dated: April 2, 2013

Joseph C. Spero
United States Magistrate Judge